UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:12-cv-367-FDW-DSC

| CHRISTOPHER OWENS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 10) and "Memorandum in Support . . . " (Doc. No. 10, Att. No. 1), both filed March 27, 2013; Defendant Commissioner's Motion for Summary Judgment (Doc. No. 11); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 13) that recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M&R (Doc. No. 14), and Defendant filed a response to Plaintiff's Objections (Doc. No. 15), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Likewise, Plaintiff does not specifically object to the ALJ findings of fact regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled

1

"Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

On March 2, 2010, Plaintiff filed an application for a period of disability and Social Security disability insurance benefits ("DIB") alleging that he was unable to work from June 11, 1994, through his date last insured of December 31, 2009. (Tr. 76, 111-12). Plaintiff subsequently amended his alleged onset date to July 21, 2008. (Tr. 49). Plaintiff's application was denied initially and again upon reconsideration. Plaintiff subsequently requested a hearing, which was held on July 27, 2010. (Tr. 46-75).

On July 27, 2011, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 12-27). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date of July 21, 2008, and December 31, 2009, the date he last met the insured status requirements of the Social Security Act. (Tr. 17). The ALJ also found that Plaintiff suffered from "status post total right and left knee replacement, osteoarthritis, and obesity," (Doc. No. 8, Att. 11 at 7), which were severe impairments within the meaning of the regulations, (Tr. 17), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 20). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a range of light work. Specifically, the ALJ found that Plaintiff could:

> perform a range of light work as defined in 20 CFR 404.1567(b) (lift/carry 20 pounds occasionally, 10 pounds frequently) except he is limited to work that does not require him to stand or walk more than two hours in an eight hour day, with normal breaks; sit about six hours in an eight hour day, with normal breaks; and no pushing or pulling bilaterally with the lower extremities. He can occasionally climb a ramp or stairs; never climb a ladder, rope or scaffold; occasionally balance, stoop, kneel, crouch, and crawl; and should avoid even moderate exposure to hazards such as dangerous machinery or heights.

(Tr. 20). The ALJ found that Plaintiff's medically determinable impairments could reasonably

be expected to cause the symptoms alleged. He further found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms was not entirely credible, and that those symptoms would not preclude light work as described in the assessed RFC. (Tr. 21). Based upon that RFC, the ALJ then found that Plaintiff could not perform his past relevant work as a lineman or groundskeeper. (Tr. 25).

The ALJ then properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified light jobs (office helper, bench assembler, and cashier II) that Plaintiff could perform. The V.E. also stated that 123,200 of these jobs existed in North Carolina. (Tr. 26). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy and concluded that he was not disabled during the relevant period. (Tr. 27).

On August 12, 2011, Plaintiff filed a Request for Review by the Appeals Council. By notice dated September 22, 2012, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5, 10-11).

After the Appeals Council denied Plaintiff's request for further administrative review, Plaintiff filed this present action. The parties submitted cross dispositive Motions for Summary Judgment and Magistrate Judge David Crayer presented the aforementioned M&R, which held that the ALJ correctly found that Plaintiff was not disabled, as substantial evidence existed to make that ultimate determination.

Plaintiff timely filed an objection to the M&R on three grounds: (1) that the "Administrative Law Judge erred in refusing to assign any weight to the opinion of claimant's treating physician," (2) that "the ALJ failed to consider the vocational consequences of pain on

claimant as required by SSR 96-7p," and (3) that "the ALJ failed to make a proper credibility determination, as required by ruling 97-7p." (Doc. No. 14).

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09-CV-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne, 2011 WL 1239800 at *2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

### B. Review of the Memorandum and Recommendation

In this case, the M&R recommended that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the

Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled." (Doc. 13 at 12).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation." Tyler v. Beinor, 81 Fed. App'x 445, 446 (4th Cir. 2003). "General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in the waiver of appellate review." Thompson v. Covenant Transp., Inc., 1:07-CV-275, 2008 WL 4372789 at *6 (W.D.N.C. Sept. 22, 2008). "In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, [28 U.S.C. § 636(b)(1)] "does not on its face require any review at all of issues that are not the subject of an objection." Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000). Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

## III. ANALYSIS

### A. PLAINTIFF'S OBJECTION TO THE M&R

In his brief to this Court, Plaintiff does not specifically object to any of the findings of fact or conclusions of law contained in the M&R. Specifically, Plaintiff objects to three findings of the ALJ: (1) the ALJ refused to assign any weight to the Plaintiff's treating physician, (2) the ALJ failed to consider the vocational consequences of Plaintiff's pain, and (3) the ALJ failed to make a proper credibility determination on Plaintiff's testimony. These are objections to the ALJ's findings, not the findings and recommendations in the M&R. Plaintiff has failed to object to any findings or recommendations made by the M&R. Moreover, Plaintiff merely restates the same arguments made in his Motion for Summary Judgment (Doc. No. 10, Att. No. 1), which were considered in the M&R.[1] Therefore, because Plaintiff did not "direct the court to a specific error in the magistrate judge's proposed findings and recommendations," Orpiano, 687 F.2d at 47 (*de novo* review required on other grounds), the Plaintiff's objections are merely general and conclusory. This fact alone provides a basis to affirm the M&R, so long as no clear error appears.

### B. FURTHER REVIEW OF THE RECORD

Absent any specific objection to the M&R, this Court will review the M&R's findings and recommendations for clear error. The M&R's review of the Commissioner's decision is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson, 402 U.S. at 389; and (2) whether the Commissioner applied the correct legal standards. Hayes, 907 F.2d at 1456.

The first issue the M&R addresses is whether the ALJ erred in assessing Plaintiff's RFC. (Doc. No. 13 at 5). The M&R noted that the ALJ's findings were supported by substantial

---

[1] Indeed, but for one sentence of Plaintiff's brief to this court, (Doc. No 14 at 3), the arguments put forth are written verbatim.

evidence including the testimony of three doctors regarding Plaintiff's physical abilities. Further, the M&R concluded the doctor's opinions were "well supported by the record as a whole." (Doc. No. 13 at 6). The M&R makes clear it applied the proper standard of review. (Doc. No. 13 at 6). Furthermore, the M&R correctly concluded that the ALJ's decision was supported by substantial evidence. See id.

The second issue addressed in the M&R is whether the ALJ failed to assign controlling weight to the opinion of Plaintiff's treating physician. (Doc. No. 13 at 6). The M&R discusses in great detail the reasoning behind the ALJ's failing to assign controlling weight to the Plaintiff's physician. See Doc. No. 13, 6-9. Again, the M&R correctly found that the ALJ had substantial evidence to give Plaintiff's physician's opinion "little weight."

Finally, the M&R addresses whether the ALJ's assessment of Plaintiff's credibility and subjective assessments of pain were not supported by substantial evidence. (Doc. No. 14 at 3). The M&R extensively analyzes why the ALJ was justified in discounting Plaintiff's credibility and why Plaintiff's testimony regarding his pain was not supported by the evidence. (Doc. No. 13, 9-12). The M&R discusses the ALJ's correct use of the two-prong test to determine Plaintiff's credibility, (Doc. No. 13 at 9), and how the ALJ correctly applied both prongs in determining that Plaintiff lacked credibility. (Doc. No. 13 at 10-11).

In sum, the Court is satisfied that substantial evidence supports the ALJ's decision and there is no reversible error. Even if Plaintiff had actually made objections to the M&R's recommendations, the M&R correctly applied the law in reviewing the ALJ's findings.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendation of the Magistrate Judge. (Doc. No.

13). Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED; Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED. The decision of the Commissioner is AFFIRMED.

    IT IS SO ORDERED.

Signed: September 23, 2013

Frank D. Whitney
Chief United States District Judge